ELIZABETH C. THAYER, as Substituted Trustee under the Will of FRANCES A. C. HEADLEY, Deceased, Plaintiff, v. IRENE H. BURR, Appellant, and MARY C. BARTOW, Individually and as Administratrix with the Will Annexed of ANNA M. COXE, Deceased, Respondent, Impleaded with Another.

Trusts — dividends — life tenant entitled only to dividends repre-
senting corporate earnings.

Where a trust estate holds corporate stock on which it has received bonds
and scrip in the nature of a dividend representing in part earnings and
in part an increase in the value of the investments of the company, the
life tenant is entitled only to such portion of the bonds as represent earn-
ings. The portion representing increased value of the corporate securi-
ties is a distribution of capital and belongs to the remainderman.
*Thayer* v. *Burr*, 134 App. Div. 889, modified.

(Argued January 18, 1911; decided March 3, 1911.)

APPEAL from a judgment entered January 12, 1910, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed on the facts and the law so much of a judgment, entered upon the report of a referee, as adjudged certain bonds to be the property of the defendant, appellant, and directed entry of judgment award-ing them to the defendant, respondent.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. B. Closson* for appellant. If any distribution of assets can be said to have been effected by the so-called bonds either of 1898 or of 1907, it was a distribution of a part of the capital of the Adams Express Company — not of earnings which had been capitalized. (*People ex rel. Lemmon* v. *Feitner*, 167 N. Y. 1; *McLouth* v. *Hunt*, 154 N. Y. 179; *Robertson* v. *De Brulatour*, 188 N. Y. 301; *Mutual Ins. Co.* v. *Mayor*, etc., 8 N. Y. 241; *Matter of Kernochan*, 104 N. Y. 618; *Chester* v. *B. C. Mfg. Co.*, 70 App. Div. 443; *D' Ooge* v. *Leeds*, 176 Mass. 558.) Of the $24,000,000 of assets repre-

sented by the distribution bonds of 1907, a considerable part, to wit, possibly $7,000,000, certainly $4,250,000, was not derived at all from earnings, however validly capitalized, but from an " increase in the value of investments of the company." (*Stewart* v. *Phelps,* 71 App. Div. 91 ; *Matter of Stevens,* 46 Misc. Rep. 623.)

*John H. Post* for respondent. The distributions in 1898 and 1907 of the express company's surplus assets derived solely from its earnings and profits were dividends within the meaning of the term " the dividends " in Mrs. Headley's will. (*Bailey* v. *R. R. Co.,* 22 Wall. 604 ; *Lowry* v. *F. L. & T. Co.,* 172 N. Y. 137 ; *Billingham* v. *G. Mfg. Co.,* 101 App. Div. 476 ; *Matter of Kernochan,* 104 N. Y. 618 ; *Minot* v. *Paine,* 99 Mass. 101.) The dividends in dispute belonged to the life tenant because the same were paid out of the accumulated earnings and profits of the business of the Adams Express Company. (*Riggs* v. *Cragg,* 89 N. Y. 479 ; *McLouth* v. *Hunt,* 154 N. Y. 179 ; *Billingham* v. *G. Mfg. Co.,* 101 App. Div. 476 ; *Stewart* v. *Phelps,* 71 App. Div. 91 ; *Robertson* v. *De Brulatour,* 188 N. Y. 301 ; *Richmond* v. *Richmond,* 123 App. Div. 117.) The surplus earnings and profits of the Adams Express Company which were distributed in the bond dividends of February, 1898, and June, 1907, were never capitalized by that company. (*Schwinger* v. *Raymond,* 83 N. Y. 192 ; *Nickell* v. *Tracy,* 185 N. Y. 386 ; *Hemenway* v. *Hemenway,* 181 Mass. 406.)

Willard Bartlett, J. This suit was brought by the testamentary trustee of Frances A. C. Headley to settle her accounts and to obtain a determination of conflicting claims to the ownership of bonds of the par value of $17,000 and scrip of the par value of $400 issued by the Adams Express Company in February, 1898, and June, 1907, ar. l distributed among its shareholders. Frances A. C. Headley, who died in 1884, by her will bequeathed fifty-eight shares of the stock of the Adams Express Company to her executor in trust to

hold and apply the dividends thereon as fast as received to the use of her sister, Anna M. Coxe, from year to year so long as she should live, and at her decease the will directed that the said stock was to go to Irene Burr, the daughter of her deceased husband's sister. In February, 1898, the Adams Express Company distributed among its shareholders $12,000,000 of its bonds, being at the rate of $100 for each share of stock, and in June, 1907, it made a further distribution of $24,000,000 of bonds at the rate of $200 per share. The question presented for determination upon this accounting of the plaintiff who has succeeded the original trustee, now deceased, is whether the bonds thus distributed properly belonged to Anna M. Coxe, the life tenant, or Irene H. Burr, the remainderman. The referee decided that both issues belonged to the remainderman. The Appellate Division has decided that both issues belonged to the life tenant.

The authorities cited by the Appellate Division fully sustain its conclusion so far as the bonds distributed by the Adams Express Company represented the actual earnings of the corporation. This was the case in the first distribution and partly so in the second distribution. The bonds distributed in June, 1907, however, represented not only earnings, but to some extent an increase in the value of the investments of the company. This appears from the uncontradicted testimony of Mr. Basil W. Rowe, the treasurer and vice-president of the Adams Express Company, introduced into the case by stipulation of the parties, upon which the referee based a finding to the same effect. When the trust first came into being the assets of the Adams Express Company amounted to $14,050,000. When the last distribution of bonds was made its assets amounted to $40,800,000. The difference between these two sums is $26,750,000. The total distribution of bonds was $24,000,000. On this statement the amount distributed did not equal the amount of the earnings during the trust period but the result is modified by the stipulated fact that in the valuation of the assets at the termination of the trust $7,000,000 represented not earnings but simply the increased or enhanced

market value of the securities held by the company. It is very plain that the life tenant was not entitled to this increase in the value of the corpus of the trust any more than she would have been chargeable for any depreciation in the value of the corpus. The true earnings instead of being $26,750,000 were $19,750,000, and of the $24,000,000 of distribution $4,250,000 represented in reality the distribution of capital. Therefore, the life tenant was entitled only to 1975 twenty-four-hundredth parts of the bonds she received, the other 425 parts belonging to the remainderman.

The decree of the Appellate Division should be modified accordingly and as modified affirmed, without costs to either party in this court.

Judgment modified so as to award to the appellant 425 twenty-four hundredths of the bonds distributed in June, 1907, and as thus modified affirmed, without costs in this court to either party.

Cullen, Ch. J., Gray, Haight, Werner and Collin, JJ., concur; Chase, J., takes no part.

Judgment accordingly.