1. TRUSTS (§ 325*)—ACCOUNTING—PROOF.
    The trustees, under an ordinary testamentary trust to receive income and pay same to persons named during their respective lives, should, upon an accounting for stock and cash dividends, present proof from which it may be determined whether any part of such dividends came from the corporate earnings before testator's death.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 483–485; Dec. Dig. § 325.*]

2. TRUSTS (§ 272*)—ACCOUNTING—DIVIDENDS ON CORPORATE STOCK—"INCOME."
    Dividends upon corporate stock *held* under a testamentary trust to pay income for life, whether such dividends were payable in cash or additional stock, constitute income and belong to the life beneficiary, at least so far as they are derived from surplus accumulated by the corporation after testator's death.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 383–385; Dec. Dig. § 272.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3501–3507; vol. 8, p. 7685.]

3. TRUSTS (§ 330*)—ACCOUNTING—COSTS.
    The costs, on judicial settlement of the account of trustees under a testamentary trust to receive income and pay same to persons named during their respective lives, should be equitably divided between the fund and the income, where the question determined is the right to stock dividends as between life tenants and remaindermen.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 491–493; Dec. Dig. § 330.*]

Judicial settlement of the account of Hettie P. Cooper and others, as trustees. Decreed according to opinion.

Abel Crook, of New York City, for trustees.

---

KETCHAM, S.  [1] Under a trust to receive the income and to pay the same to persons named during their lives, respectively, the trustees account for certain stock and cash dividends upon corporate stock, and present the question whether or not such dividends are to be regarded as capital or income.

It does not appear what, if any, part of those dividends is derived from the earnings of the corporations before or after the death of the testator.

[2] Dividends upon corporate stock held under a testamentary trust to pay income for life, whether such dividends are payable in cash or additional stock, constitute income and belong to the life beneficiary, at least so far as the same are derived from surplus accumulated by the corporation after the death of the testator. See cases cited infra. The same cannot be said with equal confidence as to dividends derived from the surplus earned by a corporation before the decedent's death.

The right to stock dividends as between tenants for life and remaindermen had not been considered by the court of last resort in this state before 1882, when in Riggs v. Cragg, 89 N. Y. 480, the question, though recognized, was held not to be involved in the case.

In Matter of Kernochan, 104 N. Y. 618, 11 N. E. 149, the trust was to receive the income and apply the net income to the use of the testator's wife. In the courts below a stock dividend declared after the trust was instituted, but representing earnings which were made partly before and partly after the testator's death, was apportioned between the wife and the remaindermen upon the theory expressed that:

"When a fund is given for life to one beneficiary, and remainder over, the first shall have its earnings after his life tenancy begins, and the remainderman the balance."

The court found nothing in the will (containing the trust described supra) which indicated that the testator intended "that any other than the ordinary rule, which gives cash dividends declared from accumulated earnings or profits to the life tenant, should be applied," and further said:

"From the shares in question no income could accrue, no profits arise to the holder until ascertained and declared by the company and allotted to the shareholder, and that act should be deemed to have been in the mind of the testator, and not the earnings or profits as ascertained by a third person, or a court upon an investigation of the business and affairs of the company, either upon an inspection of their books or otherwise."

The case last cited is apparently the first in which the law was defined in the Court of Appeals that under a trust in which the direction for the payment of the income for life was in general terms, the dividend, if paid during the life of the primary beneficiary, was income belonging to him, whether it was paid from the surplus earned before or after the decedent's death. The rule thus stated has endured without uncertainty as to the dividends from earnings after the testator's death, no matter how large in amount or unusual in the form of payment.

Only as to the rest of the rule has doubt been suggested. As to dividends which represent earnings of the corporation before the death,

are they payable to the life beneficiary under a trust of the common form, to receive the rents, issues, and profits and to apply the same for life?

That they are income for the purposes of the trust is held in the following cases: McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230; Lowry v. Farmers' Loan & Trust Co., 172 N. Y. 137, 64 N. E. 796; Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938.

There was no break in this current of authority until Matter of Harteau, 204 N. Y. 292, 97 N. E. 726, arose. In that case the will was individual in its direction for the disposition of income. It contained an implied trust to pay income to the testator's wife and others during the wife's life. It did not provide for the disposition of such income as might exceed the sums directed to be paid. There was no valid direction for the accumulation of such excess, and the same became payable to the persons presumptively entitled to the next eventual estate after the wife. The trustee received a dividend upon corporate stock, which, upon express findings, was derived 89 per cent. thereof from earnings of the company after the testator's death, and the balance from earnings accrued before that event. The court says:

"The question whether the surplus dividend is to be deemed capital or income depends upon the time of the acquisition of the surplus which was divided."

Then, after a declaration that 89 per cent. of the surplus accrued after the death, the opinion proceeds:

"This increase, which under the doctrine of Robertson v. De Brulatour, 188 N. Y. 301 [80 N. E. 938], Thayer v. Burr, 201 N. Y. 155 [94 N. E. 604], and other cases, is to be regarded as income, was 89 per cent. of the total dividend; and consequently 89 per cent. of that portion of the dividend which went to the executors must also be deemed income. This amounted to $17,-722.39. * * * It follows that the order of the Appellate Division and the decree of the surrogate should be modified so as to charge the executors and trustees with $17,722.39 instead of $19,912.80, as income arising out of the proceeds of the sale of 160 shares of the Metropolitan Casualty & Insurance Company, and with the balance thereof as capital of the estate."

There is no intimation that the court regarded the form of the will as exceptional in its relation to the distribution of the dividends between capital and income, nor does the court suggest any other distinction of fact between the case and those which earlier presented a like question.

Thus, in language which loses no force by its brevity, the case marks a departure from the earlier views of the court, which must be regarded as significant and conclusive. But within a few months after the decision last cited the Appellate Division of the Second Department, apparently without consideration of the Harteau Case, held itself to be constrained by the earlier decisions to hold that, under an ordinary trust to receive and pay income, stock dividends were income and belonged to the life tenant, whether they proceeded from the earnings of the company before or after the testator's death.

In Matter of Osborne, 153 App. Div. 312, 138 N. Y. Supp. 18, Mr. Justice Woodward for the court says:

"If this were an open question I should be inclined to hold that the interest of the testator in so much of the surplus earnings as had accrued up to the time of his death constitutes, as between the life tenant and the remaindermen, not income or profits, but a part of the principal or trust estate itself; that a corresponding interest in the surplus earnings which thereafter accrued is income or profits. * * * This would seem to be a fair and equitable disposition of the matter upon principle."

There follows an earnest argument in behalf of the conviction which the learned judge personally entertained, which closes as follows:

"However, I see no substantial difference between this and the cases decided in McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230, Lowry v. Farmers' Loan & Trust Co., 172 N. Y. 137, 64 N. E. 796, and Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938. The rule established by those decisions is regarded conclusive of this one and that the 2,920 shares of stock in question here are to be treated as income from the trust estate, to which the life tenant is entitled."

In the confusion of authority which thus results, an inferior court may with loyalty to both higher tribunals be encouraged by the opinion of one to follow the dictate of the other.

The accountants should present proofs from which it may be determined whether any part of the dividends embraced in the account came from the corporate earnings before the death of the testator.

[3] There should be an equitable division of the expenses of the accounting between the fund of the trust and the income. As to the question considered, supra, the remaindermen have such concern that they should contribute to the expenses of the proceeding.

Counsel are requested to suggest a proper apportionment of these items.

Decreed accordingly.