VALENTINE EVERIT MACY and WALTER G. LADD, as Substituted Trustees under the Last Will and Testament of JOSIAH MACY, JR., Deceased, Respondents, v. KATE M. LADD, Respondent, Impleaded with VALENTINE EVERIT MACY and Others, Appellants.

First Department, March 1, 1918.

Trust — principal — income — purchase out of earnings for purpose of increasing business and not as an investment — burden of showing that payment was made out of accumulated earnings after formation of trust.

A decree of the Federal court adjudging the Standard Oil Company of New Jersey and its constituent companies to be an unlawful combination distributed among the stockholders the capital stock of certain subsidiary corporations owned by it. *Held*, that a judgment disposing of such stock as between the life beneficiaries and remaindermen under a trust should be modified by allotting to the principal of the trust fund instead of the income certain stock received under the Federal decree.

Where stocks are purchased out of earnings for the purpose of increasing the business of a corporation, and not as a mere investment, and the

property is used for such purposes and practically treated as a part of the corporation's plant, the burden of showing that the payment was made out of earnings accumulated after the formation of a trust, under which stock of the corporation was held, ought to fall on the party claiming such distribution to be a division of profits.

APPEAL by the defendants, Valentine Everit Macy and others, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 27th day of September, 1917, upon the report of a referee appointed to hear and determine the issues.

*John A. Garver* of counsel [*Shearman & Sterling,* attorneys], for the appellant Valentine Everit Macy.

*Ernest P. Hoes* of counsel [*Frank L. Hall,* attorney], for the appellants Josiah Macy Willets, Jr., and others.

*Richard V. Lindabury* of counsel [*William W. Ladd,* attorney], for the respondent Kate M. Ladd.

*Albridge C. Smith* of counsel [*Byrne, Cutcheon & Taylor,* attorneys], for the plaintiffs, respondents.

SHEARN, J.:

The question at issue, which arises under the will of Josiah Macy, Jr., who died on October 5, 1876, is the disposition to be made, as between the life beneficiary and the remaindermen, of the shares of the capital stock of certain subsidiary corporations owned by the Standard Oil Company of New Jersey, which were distributed among the stockholders of that company in 1911, pursuant to a decree of the United States Circuit Court, adjudging that company and its constituent companies to be an unlawful combination or conspiracy in restraint of trade and enjoining the continuance of the combination. The judgment appealed from held that all of the stocks thus distributed represented a dividend which must be regarded as income of the trust fund created under the will. The question involved is determined in this court by the decision in *United States Trust Co. v. Heye* (181 App. Div. 544), decided by this court at

the February, 1918, term. The only essential difference between the two cases is the date of the formation of the trust, which in the *Heye* case was agreed to be May 10, 1899, and which in this case was March 23, 1892, when Valentine Everit Macy attained his majority, at which time the trustees were directed to divide the residuary estate into as many equal shares as the testator should have children then surviving and the lineal descendants of any deceased child, and to hold and dispose of the shares in accordance with the trusts created by the will. By reason of this difference in dates, in addition to the stocks allotted to the life beneficiary pursuant to the decision in the *Heye* case, there should also be allotted to the life beneficiary the estate's interest in: (1) 939 shares of the stock of the Continental Oil Company, purchased August 23, 1893, for $225.75 a share; (2) 250 shares of Swan & Finch Company stock, purchased July 23, 1894, for cash at $300 a share; (3) one share of the stock of the Vacuum Oil Company, purchased July 11, 1896, for $15,000.

As to the 2,000 shares of the Borne-Scrymser Company, purchased March 30, 1893, there is no evidence that these shares were purchased out of earnings accumulated prior to the formation of the trust, and the time of the purchase was so soon after the formation of the trust as to tend to indicate the contrary. Where stocks are purchased out of earnings for the purpose of increasing the business of the company, and not as a mere investment, and the property is used for such purposes and practically treated as a part of the company's plant, the burden of showing that the payment was made out of earnings accumulated after the formation of the trust ought to fall on the party claiming such a distribution as this to be a division of profits.

It is contended on behalf of the appellants that the judgment in this case should be more favorable to the remaindermen than in the *Heye* case, mainly because of a judgment of the Supreme Court heretofore entered in an action brought for a construction of the Macy will. It appears that the executors and trustees of the Macy estate, having doubt as to their power to sell certain real estate which came into their hands on the death of the testator, filed a complaint in the Supreme Court for the construction of the Macy will

in that respect on April 13, 1892. The executors and trustees filed a supplemental complaint in said action on February 18, 1896, setting out the receipt from the testator of the Standard Oil and Devoe stocks; the conversion of the same into certificates of the Standard Oil Trust; the setting up of the Mary K. M. Willets and the Kate M. Ladd trusts, and the placing in each of said trusts of 7,424 shares of said trust certificates. The plaintiffs further showed that it seemed best for the estate and the Ladd and Willets trusts for them to hold said Standard Oil certificates until they could judiciously realize upon them from time to time. They prayed the judgment of the court as to whether, under the circumstances, they had the right as trustees to continue to hold said certificates for said residuary trusts, or either of them, until such time as it should seem to them best to realize upon the same. Mrs. Ladd was a party defendant to this proceeding and filed an answer, in which she insisted that the trust certificates were a continuance of the investments made by the testator in the Standard Oil and Devoe stocks, and as such could properly be retained and held by the executors and trustees under the trusts set up for her and Mrs. Willets, respectively. There was no other question raised by the pleadings. Incidentally, however, the executors and trustees filed an account, which was approved by the court, except as to a minor detail. The court found that the plaintiffs, as executors and trustees, had power to sell and convey all the real estate of which the testator died seized, with a certain exception, and also found that the Standard Oil trust certificates were in fact a continuance of the Standard Oil and Devoe stock investments made by the testator in his lifetime and as such could properly be held for the trusts. In stating the account the court charged the executors and trustees, among other things, with the following: " As trustees of the Kate M. Ladd Trust, principal, $1,741,655.53; income, $76,053.04." It is claimed by the defendant Willets that the judgment determines that the trust certificates were capital of the Ladd trust, and by the defendant Macy that the judgment was a direct adjudication upon the question of the testamentary intention and decisive of it and that the court decided that the testator intended that the accumulated

earnings on the Standard Oil and Devoe stocks or the stocks substituted therefor should be added to the *corpus* of the trusts to be established under his will and should not be turned over to the life beneficiaries. We can attach no such force to this judgment. No question arose in that proceeding with respect to the rights of the life beneficiary and remaindermen, as against each other. The issue presented to the court and adjudicated was the power of the executors and trustees to sell real estate and their right to continue to hold the Standard Oil certificates until they could realize upon them to their best advantage.

The judgment should, therefore, be modified by allotting to the principal of the trust fund instead of to income: (1) The stocks of the thirty-three companies received by the plaintiffs from the Standard Oil Company of New Jersey pursuant to the decree of December, 1911, except (a) the stocks and stock increases of the Colonial Oil Company, Standard Oil Company of California and Standard Oil Company of Nebraska; (b) stock increases of the following corporations acquired for cash by the Standard Oil Company of New Jersey out of accumulated earnings between March 23, 1892, and December, 1911: Anglo-American Oil Company, Crescent Pipe Line Company, Northern Pipe Line Company, Ohio Oil Company, Southern Pipe Line Company, Standard Oil Company of New York, Union Tank Line Company, Standard Oil Company of Kansas, Continental Oil Company, Swan & Finch Company and Vacuum Oil Company; (c) stock dividends declared and paid to the Standard Oil Company of New Jersey between March 23, 1892, and December, 1911, by the Crescent Pipe Line Company, Indiana Pipe Line Company, Northern Pipe Line Company, Southern Pipe Line Company, Vacuum Oil Company; (2) the proceeds of the sale of rights to subscribe to new shares of stock of various companies received by the plaintiffs' predecessors in the trust and by the plaintiffs declared or offered prior to December, 1911; (3) the shares of stock of the Continental Oil Company of Colorado received by the plaintiffs in exchange for shares of the stock of the Continental Oil Company of Iowa; (4) the proceeds of the sale of the shares of stock of the Waters Pierce Oil Company received by the plaintiffs as a part of the dis-

tribution made by the Standard Oil Company of New Jersey in December, 1911, and as so modified the judgment should be affirmed, with costs to all parties who have appeared on this appeal payable out of the trust fund.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Judgment modified as stated in opinion and as so modified affirmed, with costs to all parties who have appeared on this appeal payable out of the fund. Order to be settled on notice.