Matter of the Estate of JOHN E. ROBERTS, Deceased.

(Surrogate's Court, New York County, October, 1921.)

*Accounting — testamentary trustee — apportionment of extraordinary stock dividends between life tenant and remaindermen — tests to be applied — non-impairment of corpus of trust fund by accumulation of entire surplus from which dividends payable — payment of stock dividend to life tenant.*

PROCEEDINGS upon objections to trustees' accounts.

Francis J. McLoughlin, for petitioner.

Joseph S. Johnston, for Mary C. Roberts.

James F. Brady, special guardian.

FOLEY, S. The objections to the trustees' accounts raise the question as to the apportionment of an extraordinary stock dividend between the life tenant and remaindermen. The account shows that on May 2, 1920, the trustees received a stock dividend of sixty-nine shares of the Nicholson File Company, which has been accounted for as principal. All of this stock dividend is claimed as income by the life tenant, the widow of decedent. Under the authorities in this state the tests to be applied are (1) the source of the property paid out in the form of an extraordinary dividend and whether there has been a distribution or division of the earnings, profits or accumulations of the corporation; (2) the language of the will. *Matter of Osborne,* 209 N. Y. 450; *United States Trust Co.* v. *Heye,* 224 id. 242, 255; *Matter of Schaefer,* 178 App. Div. 117; affd., 222 N. Y. 533. The account discloses that the entire amount of the stock dividend was paid from profits accumulated by the company after the death of decedent on September 13, 1907, from which time the widow is entitled to the income of the trust. The stock dividend should, therefore, be

credited to the life tenant as income. Moreover, the will itself indicates a special solicitude for the widow. Under the trust created in the 6th paragraph, the entire net income is payable to her during her life. By the 1st paragraph of a codicil the testator provided that if the income of the trust should be insufficient to provide comfortably for the needs of his widow, the trustees were directed to use and apply so much of the principal as may be necessary for that purpose. The accounting trustees and remaindermen claim that the recent decisions of *Towne* v. *Eisner*, 245 U. S. 418, and *Eisner* v. *Macomber*, 252 id. 189, overrule the authorities in New York cited above, and apply not only to the computation of income tax, but to the distribution of stock dividends between life beneficiaries and remaindermen. The statement of the court in the latter case, that stock dividends are capital as between the tenant for life and remaindermen is *obiter*. That court expressly limited its decision to the *taxability* of such dividends under the income tax amendment to the Federal Constitution.

As the entire surplus from which the stock dividend was paid was accumulated during the trust period, the *corpus* of the trust fund will not be impaired by paying the stock dividend to the life beneficiary.

Decreed accordingly.