In the Matter of the Construction of the Will of FRANCES L. BEMIS, Deceased, with Regard to the Apportionment of Extraordinary Stock Dividends.

Surrogate's Court, Westchester County, April 22, 1924.

**Wills — testamentary trust — provision directing trustees to receive and distribute income from securities construed — decisions of Supreme Court of United States declaring that stock dividends are not income are not applicable — rules for apportionment of extraordinary stock dividends between beneficiaries and remaindermen — corpus of trust fund must not be impaired — extraordinary stock dividends of Standard Oil companies distributed.**

Decisions of the Supreme Court of the United States declaring that stock dividends are not income for purposes of taxation under the federal statutes are not applicable to the construction of wills and the distribution of property in the Surrogate's Court.

Under a will directing trustees to receive and distribute income from securities among named beneficiaries and providing that the corpus of the trust should go to the issue of each beneficiary, it was the intention of the testatrix to pay to the life tenants only the ordinary income of the trust, and, therefore, the payment of the extraordinary dividends must be determined by the rule laid down in *Matter of Osborne,* 209 N. Y. 450, to the effect that extraordinary dividends payable from accumulated earnings belong to the life beneficiary unless they intrench upon the corpus of the trust in whole or in part, in which case such extraordinary dividends should be returned to the trust fund or apportioned in such a way as to preserve the integrity of the trust fund.

Surrogate's Court, Westchester County, April, 1924.    [Vol. 123

The right to a dividend as between the life tenants and remaindermen of an estate is determined by the facts as to the source and character of the dividend.

The corpus of the trust fund should have exactly the same value after the distribution of the dividend as when the trust was originally created.

Value of the investment in several Standard Oil companies at the time of the creation of the trust and after payment of the stock dividend, the impairment of the corpus of the trust by such payment and the number of shares to which the life tenants are entitled, stated.

Proceedings to construe a will.

*Peter M. Speer*, for the executor, petitioner.

*Courtland Palmer*, for the life beneficiaries.

*Arthur R. Wilcox*, special guardian, for the infant remaindermen.

Slater, S. The testatrix died March 6, 1920, leaving certain shares of stock of several of the Standard Oil companies. Since her death these companies have earned large sums from which extraordinary stock dividends have been declared. It becomes necessary to construe the will in order to ascertain the intention of the decedent regarding the extraordinary dividends. *Matter of Tod, No. 1*, 85 Misc. Rep. 298. A special guardian has been named to represent living and unborn remaindermen. *Lanier* v. *Taylor*, 186 App. Div. 270, 277. The life tenants claim that these stock dividends were declared out of earnings accumulated subsequent to decedent's death and should be apportioned to them as income.

It is urged by the special guardian that the decisions of the United States Supreme Court declaring that stock dividends are not income for purposes of taxation might affect a decision in the instant case. This same contention was raised in *Matter of Roberts*, 117 Misc. Rep. 794, and Surrogate Foley said: " The accounting trustees and remaindermen claim that the recent decisions of *Towne* v. *Eisner*, 245 U. S. 418, and *Eisner* v. *Macomber*, 252 id. 189, overrule the authorities in New York cited above, and apply not only to computation of income tax, but to the distribution of stock dividends between life beneficiaries and remaindermen. The statement of the court in the latter case, that stock dividends are capital as between the tenant for life and remaindermen is *obiter*. That court expressly limited its decision to the taxability of such dividends under the income tax amendment to the Federal Constitution."

I concur with the opinion of Surrogate Foley. The cases referred to in the United States Supreme Court cannot affect the construction of wills and the distribution of property in this court

as it is a local question over which the courts of this state have exclusive jurisdiction. No federal question is involved and consequently the decisions of the Court of Appeals heretofore set forth are the law upon this subject and should be followed by this court. 15 C. J. 929, § 317; *People ex rel. C. P., etc., R. R. Co.* v. *Wilcox*, 194 N. Y. 383.

The word " income," used in the federal taxing statutes, and applied with reference to distribution of income between life tenants and remaindermen, has two distinct meanings. Under the former, it relates to the receipt of something which increases the taxpayer's cash, or spendable funds. In the latter it is defined by the Personal Property Law of the State as follows:

" § 10. The term ' income ' of personal property as used in this article, *means* the income *or profits* arising from personal property and includes the interest of money *and the produce of stock* * * *."

It has been the policy of this state to prevent the accumulation of " income " in trust funds, even in the form of stock dividends (*Matter of Megrue*, 170 App. Div. 653; affd., 217 N. Y. 623), although now permitted. Pers. Prop. Law, § 17a.

The court is called upon to construe the 17th paragraph of the will, which reads:

" I give, devise and bequeath the * * * remainder of my estate * * * to my Trustees In Trust * * * with power to divide my residuary estate into five equal parts or shares and to invest each part or share separately in such securities as they * * * shall deem prudent, and to receive the income of each part or share and apply the same as follows: Of one of each of said parts or shares to the use for life of my niece Hazel Hunter, one for my sister Helen A. Ford, one for my niece Edith Hunter Brown, one for my sister-in-law Minnie L. Robertson, one for my brother-in-law George H. Bemis — the principal of the part or share designated for the use of such beneficiary shall go to such issue (issue of each one) absolutely * * *."

The special guardian for the infant remaindermen contends that in at least one instance the increased surplus was partly the result of revaluation of assets, and that the law of *Thayer* v. *Burr*, 201 N. Y. 155, should be applied. *Matter of Schaefer*, 178 App. Div. 117; affd., 222 N. Y. 533.

The following table will illustrate the name and number of shares of stock of the various corporations held by the testatrix at the date of the creation of the trust and the increase thereof by the declaration of stock dividends.

17

Surrogate's Court, Westchester County, April, 1924.     [Vol. 123

The original holdings are expressed in terms of twenty-five dollars per share for greater convenience and to avoid confusion.

| Corporation. | No. held on Mar. 6, 1920. | Percentage of stock dividend. | Number now held. |
|---|---|---|---|
| Standard Oil Co. of New York.. | 3,700 | 200% | 11,100 |
| Standard Oil Co. of New Jersey. | 1,500 | 400% | 7,500 |
| Standard Oil Co. of California... | 1,500 | 100% | 3,000 |
| Ohio Oil Co. (originally $25 par). | 200 | 300% | 800 |
| Standard Oil Co. (Indiana)..... | 1,324 | 150% | *3,310 |
| (Second dividend on December 28, 1922.) | | | |
| | 2,500 | 100% | 5,000 |

The 17th paragraph of the will must be considered to ascertain the intention of the testatrix. Each question relating to the distribution of extraordinary dividends must depend upon the wording of the instrument creating the trust. The right to a dividend as between the life tenant and remaindermen of an estate is determined by the facts as to the source and character of the dividend. *McLouth* v. *Hunt*, 154 N. Y. 179, 197; *Lowry* v. *Farmers' Loan & Trust Co.*, 172 id. 137, 142; *Robertson* v. *deBrulatour*, 188 id. 301, 305; *Matter of Osborne*, 209 id. 450, 458; *United States Trust Co.* v. *Heye*, 224 id. 242, 254; Yale Law Journal, May, 1924, p. 774; *Matter of Megrue*, 224 N. Y. 284. The 17th paragraph awards the " income " of the corpus to the life beneficiaries. In each case, however, the court must look into the facts, circumstances and nature of the transactions, and determine the nature of the dividend and the rights of the contending parties according to justice and equity. *Lowry* v. *Farmers' Loan & Trust Co.*, *supra*. In the instant case the testatrix has not made direction as to the payment of extraordinary dividends. Therefore, the rule in *Matter of Osborne*, 209 N. Y. 450, must govern as to earnings subsequent to the creation of the trust. To use the language of Surrogate Fowler in the case of *Matter of Tod, No. 1, supra*, 301, where the only direction was to pay the income during life and there were extraordinary stock dividends of the Standard Oil companies: "Therefore, as the late Mr. Kennedy's will discloses no intention that the extraordinary dividends should be paid to the life tenants, it would seem that the rule stated in *Matter of*

---

* Eight hundred and ten shares had been sold when the second dividend was declared.

*Osborne, supra,* is applicable in this matter." I shall hold in the instant case that it was the intention of the testatrix to pay to the life tenants only the ordinary income of the trust. Consequently, the payment of the extraordinary dividends must be determined by the rule laid down in *Matter of Osborne, supra.*

The dividends mentioned in the petition are extraordinary dividends. Do they intrench in whole or in part upon the capital of the trust fund as received from the testator? Are the resources of the companies equal, or greater at the present time than at the beginning of the trust?

The court must first determine whether any of the extraordinary dividends were made up of increase in valuation of capital assets, or were they entirely out of earnings, or partly from both? The evidence adduced discloses that in every case, except one, the declared dividends were paid from earnings since the date of the trust. The exception is the Standard Oil Company of New York. However, the actual earnings of this company have been used by the court. The amount of appreciated capital has not been considered. This takes it without the case of *Thayer* v. *Burr,* 201 N. Y. 155; *Bourne* v. *Bourne,* 209 App. Div. 419.

It must be determined what proportion of the stock dividends should be paid or distributed to the life beneficiaries. *Matter of Osborne,* 209 N. Y. 450, 484 (1913), established a rule regarding the distribution of dividends from earnings between life tenants and remaindermen as follows:

1. Ordinary dividends should be paid to the life beneficiary of the trust.

2. Extraordinary dividends payable from accumulated earnings belong to the life beneficiary, unless they intrench upon the corpus of the trust in whole or in part, in which case such extraordinary dividends should be returned to the trust fund, or apportioned in such a way as to preserve the integrity of the trust fund.

In *United States Trust Co.* v. *Heye,* 224 N. Y. 242 (1918), Judge Crane explains and makes more definite the decision in *Matter of Osborne.* *Matter of Schaefer,* 178 App. Div. 117; affd., 222 N. Y. 533; editorial N. Y. L. J. March 4, 1922; *Matter of Enz,* (1923) 204 App. Div. 634; affd., 237 N. Y. 577; *Matter of Megrue,* 170 App. Div. 653; affd., 217 N. Y. 623; *Macy* v. *Ladd,* 182 App. Div. 216; affd., 227 N. Y. 670. The Court of Appeals in these several cases has clearly adopted the principle that all stock dividends from earnings must be distributed to the life tenant, except where such distribution would impair the corpus, in which case the stock

dividend is to be apportioned; that any increase of capital assets should go to the trust fund. *Thayer* v. *Burr, supra; Bourne* v. *Bourne, supra.*

Having found that we are dealing with earnings, our main thought in the instant case is to ascertain whether the payment of the extraordinary stock dividends to the life beneficiaries will impair the corpus of the trust. If so impaired, to ascertain what proportion of the stock dividends of each corporation are the life tenants entitled to receive. See Comment on Apportionment of Corporate Earnings between Life Tenant and Remaindermen under a Trust Estate, Yale Law Journal, May, 1924, §§ 774–776.

The numerator of the fraction represents the difference between the surplus on date of creation of trust and surplus on date of declaration of stock dividend, or earned surplus during that period. The denominator is the amount of the stock dividend.

Standard Oil Company of New York:

$$\frac{32,641,069.95}{150,000,000.00}$$ or 21.79 per cent of 7,400 shares $=$ 1,612 shares.

Standard Oil Company (New Jersey):

$$\frac{87,205,894.47}{400,000,000.00}$$ or 21.8 per cent of 6,000 shares $=$ **1,308 shares.**

Standard Oil Company of California:

$$\frac{84,161,764.08}{102,240,935.83}$$ or 82.5 per cent of 1,500 shares $=$ 1,237 shares.

Ohio Oil Company:

$$\frac{5,715,584.09}{45,000,000.00}$$ or 12.7 per cent of 600 shares $=$ 76 shares.

Applying the principle established in the *Osborne* case to prevent the impairment of the corpus of the trust, the following are the number of shares the life tenants are entitled to receive:

Standard Oil Company of New York..............    1,215 shares
Standard Oil Company (New Jersey)..............      851 shares
Standard Oil Company of California.............      947 shares
Ohio Oil Company...............................       25 shares

Standard Oil Company of Indiana:

On the first dividend of December, 1920, the life tenants were entitled to receive 663 shares.

Inasmuch as the trustee held these 663 shares when the second dividend of 100 per cent was declared in December, 1922, the life tenants are entitled to receive an additional 663 shares on the number they were already entitled to receive, but which were

not distributed, making a total of 1,326 shares. At the time of the declaration of the second stock dividend in December, 1922, the trustee had sold for estate purposes 810 shares so the number held by him on this date belonging to the corpus was 1,837 shares. Of the stock dividend on this number the life tenants are entitled to receive 437 shares. The executor and trustee has in his possession 5,000 shares, 1,326 of which belong to the life tenants from the first dividend and 437 from the second dividend or a total of 1,763 shares and the balance 3,237 shares to be retained for the remaindermen.

I have used tables prepared by the attorney for the executors to show: (1) The value of investment at the time of the creation of the trust in the several Standard Oil companies; (2) the value of the investment as represented by the original shares after payment of stock dividend; (3) impairment of the corpus of the trust, and the number of shares required to make good the impairment; (4) number of shares which the life tenants are entitled to receive.

## EXHIBIT A.

*Value of investment at the time of the creation of the trust.*

|  | Standard Oil Co. of New York, March 6, 1920. | Standard Oil Co. (New Jersey), March 6, 1920. | Standard Oil Co. (California), March 6, 1920. |
|---|---|---|---|
| Capital and surplus.... | *$220,489,597.88 | $617,755,839.47 | $159,863,144.35 |
|  | †265,596,058.82 | .............. | .............. |
| Divided by number of shares outstanding... | 750,000 | 983,383 | 993,733 |
| Equals the book or intrinsic value of each share.............. | $293.986 | $628.19 | $160.87 |
|  | 354.128 | .............. | .............. |
| Multiply book value of each share by the number of shares held in trust............ | 925 | 375 | 375 |
| The result obtained equals the intrinsic value of the investment at the time of the creation of the trust.............. | $271,937.05 | $235,571.25 | $60,326.25 |
|  | 327,568.40 | .............. | .............. |

* Includes appreciation of assets, which has not been used.

† This amount has been used as it excludes appreciation of capital assets and brings it within *Matter of Osborne, supra.*

| | Ohio Oil March 6, 1920. | Standard Oil Co. (Indiana) March 6, 1920. | Standard Oil Co. (Indiana) December, 1920. |
|---|---|---|---|
| Capital and surplus.... | $84,320,984.73 | $138,902,519.41 | $203,869,123.82 |
| Divided by number of shares outstanding... | 600,000 | 300,000 | 3,521,532.5 |
| Equals the book or intrinsic value of each share.............. | $140.53 | $463.008 | $57.90 |
| Multiply the book value of each share by the number of shares held in trust............ | 200 | 331 | 1,837 |
| The result obtained equals the intrinsic value of the investment at the time of the creation of the trust.............. | $28,106.00 | $153,255.648 | $106,362.30 |

*The value of the investment as represented by the original shares after payment of stock dividend.*

| | Standard Oil Co. of New York, December 1, 1922. | Standard Oil Co. (New Jersey), December 20, 1922. | Standard Oil Co. (California), December 5, 1922. |
|---|---|---|---|
| Capital and surplus.... | *$253,130,667.83 †298,237,128.77 | $704,961,733.94 ............. | $244,024,908.43 ............. |
| Divided by the number of the shares then outstanding........ | 9,000,000 | 19,896,485 | 8,191,490 |
| Equals the book value of each share....... | $28.125 33.1375 | $35.43 ............. | $29.39 ............. |
| Multiplied by the original number of shares held in trust.. | (925 x 4) 3,700 (Par, $25) | (4 x 375) 1,500 (Par, $25) | (4 x 375) 1,500 (Par, $25) |
| Equals the book value of the investments after the stock dividend.............. | $104,062.50 | $53,145.00 | $44,085.00 |

* Exclusive of appreciation of assets.
† Includes appreciation of assets.

Misc. 255]     Surrogate's Court, Westchester County, April, 1924.

|  | Ohio Oil, November 25, 1922. | Standard Oil Co. (Indiana), December, 1920. | Standard Oil Co. (Indiana), December, 1920. |
|---|---|---|---|
| Capital and surplus.... | $90,036,568.82 | $203,869,133.82 | $289,213,988.45 |
| Divided by the number of the shares then outstanding......... | 2,400,000 | 3,521,532.5 | 8,807,265 |
| Equals the book value of each share........ | $37.515 | $57.90 | $32.86 |
| Multiplied by the original number of shares held in trust.. | 200 | (4 x 331) 1,324 (Par, $25) | 1,837 |
| Equals the book value of the investments after the stock dividend.............. | $7,503.00 | $76,659.00 | $60,363.82 |

*Impairment of corpus of trust and number of shares required to make good the impairment.*

|  | Standard Oil Co. of New York. | Standard Oil Co. (New Jersey). | Standard Oil Co. (California). |
|---|---|---|---|
| Book value of original investment... | $271,937.05 327,568.40 | $235,571.25 ............ | $60,326.25 ............ |
| Minus the value of investment after dividend..................... | $104,062.50 122,608.75 | $53,145.00 ............ | $44,085.00 ............ |
| Equals the amount of the impairment of corpus of trust......... | $167,874.55 204,959.65 | $182,426.25 ............ | $16,241.25 ............ |
| Divided by the book value (after the stock dividend) of each share of stock...................... | $28.125 33.1375 | $35.43 ............ | $29.39 ............ |
| The quotient is the number of shares of stock required to make good the impairment of corpus of trust. | 5,969 6,185 | 5,148.9 ............ | 552.6 ............ |
| Add to this the number of shares of stock originally in trust fund..... | (925 x 4) 3,700 | (4 x 375) 1,500 | (4 x 375) 1,500 |
| The sum obtained is the number of shares of stock that the trustee should hold in trust for the remaindermen................... | 9,669 9,885 | 6,649 ............ | 2,053 ............ |

| | Ohio Oil. | Standard Oil Co. (Indiana). | Standard Oil Co. (Indiana). |
|---|---|---|---|
| Book value of original investment.. | $29,070.00 | $153,255.648 | $106,362.30 |
| Minus the value of investment after dividend..................... | 7,503.00 | 76,659.00 | 60,363.82 |
| Equals the amount of the impairment of corpus of trust........ | 21,567.00 | 76,596.648 | 45,998.48 |
| Divided by the book value (after the stock dividend) of each share of stock..................... | 37.515 | 57.90 | 32.86 |
| The quotient is the number of shares of stock required to make good the impairment of corpus of trust. | 574.8 | 1,323 | 1,399.83 |
| Add to this the number of shares of stock originally in trust fund.... | 200 | 1,324 | 1,837 |
| The sum obtained is the number of shares of stock that the trustee should hold in trust for the remaindermen.................. | 774.8 | 2,647 | 3,237 |

## Number of shares life tenants are entitled to receive.

| | Standard Oil Co. of New York. | Standard Oil Co. (New Jersey). | Standard Oil Co. (California). |
|---|---|---|---|
| Original number of shares............. | 3,700 | 1,500 | 1,500 |
| Add to this the number of shares received by stock dividend.................. | 200% | 400% | 100% |
| | 7,400 | 6,000 | 1,500 |
| The sum thus obtained is the total number of shares the trustee should have in his possession..................... | 11,100 | 7,500 | 3,000 |
| Deduct from this sum the number of shares which should be retained in trust for remaindermen............. | 9,669 | 6,649 | 2,053 |
| | 9,885 | .......... | .......... |
| The remainder is the number of shares the life tenants are entitled to receive.. | 1,431 | 851 | 947 |
| | 1,215 | .......... | .......... |

| | Ohio Oil. | Standard Oil Co. (Indiana). | Standard Oil Co. (Indiana). |
|---|---|---|---|
| Original number of shares............. | 200 | 1,324 | 1,837 |
| Add to this the number of shares received by stock dividend.................. | 300% | 150% | 100% |
| | 600 | 1,986 | 1,837 |
| The sum thus obtained is the total number of shares the trustee should have in his possession..................... | 800 | 3,310 | 3,674 |
| Deduct from this sum the number of shares which should be retained in trust for remaindermen............. | 775 | 2,647 | 3,237 |
| The remainder is the number of shares the life tenants are entitled to receive.. | 25 | 663–663 | 437 |

(1,763.17 Life Tenants)

The apportionment between the life tenants and the remainder-men according to the rule laid down in *Matter of Osborne* is arrived at in the following manner:

### 1. *Standard Oil Company of New York.*

| | |
|---|---:|
| The book value of the investment at the time of the creation of the trust | $271,937 05 |
| Deduct the book value of the investment after the payment of the stock dividend | 104,062 50 |
| The difference is the amount of the impairment of the corpus of the trust | 167,874 55 |
| Divide the impairment by the book value per share after the stock dividend | $28.125 |
| The quotient is the number of shares required to make good the impairment | 5,969 |
| Add the number of shares originally held in trust | 3,700 |
| The sum is the number of shares of stock that the trustee should hold in trust for the remaindermen. | 9,669 |
| The number of shares now in hands of the trustee: Number of shares originally held in trust | 3,700 |
| Add the number of shares received by 200 per cent stock dividend | 7,400 |
| The sum is the number of shares now held by the trustee. | 11,100 |
| Deduct the number of shares originally held in trust and the number required to make good the impairment | 9,669 |
| The difference is the number of shares which the life beneficiaries are entitled to receive | 1,431 |

The Court of Appeals said in the *Osborne Case*, 209 N. Y. 450 (at p. 484, last paragraph): "The very purpose of our decision is to make the corpus of the trust fund *have exactly the same value after the division* of the dividend *as when the trust was originally created.*" Multiply the number of shares to be held in trust, 9,669, by the value per share after the dividend, to wit, $28.125, and the product is $271,940.63. The original value of the investment was $271,937.50.

### 2. *Standard Oil Company (New Jersey).*

| | |
|---|---:|
| The book value of the investment at the time of the creation of the trust | $235,571 25 |
| Deduct the book value of the investment after the payment of the stock dividend | 53,145 00 |

| | |
|---|---|
| The difference is the amount of the impairment of the corpus of the trust......................... | $182,425 25 |
| Divide the impairment by the book value per share after the stock dividend...................... | $35.43 |
| The quotient is the number of shares required to make good the impairment........................ | 5,148.9 |
| Add the number of shares originally held in trust.... | 1,500 |
| The sum is the number of shares of stock that the trustee should hold in trust for the remaindermen.. | 6,649 |

The number of shares now in hands of the trustee:

| | |
|---|---|
| Number of shares originally held in trust........... | 1,500 |
| Add the number of shares received by 400 per cent stock dividend............................... | 6,000 |
| The sum is the number of shares now held by the trustee....................................... | 7,500 |
| Deduct the number of shares originally held in trust and the number required to make good the impairment. | 6,649 |
| The difference is the number of shares which the life beneficiaries are entitled to receive.............. | 851 |

Multiply the number of shares to be held in trust, 6,649, by the value per share after the dividend, $35.43, and the product is $235,575.07.   The original value of the investment was $235,571.25.

### 3. *Standard Oil Company (California).*

| | |
|---|---|
| The book value of the investment at the time of the creation of the trust............................ | $60,326 25 |
| Deduct the book value of the investment after the payment of the stock dividend.................. | 44,085 00 |
| The difference is the amount of the impairment of the corpus of the trust............................ | $16,241 25 |
| Divide the impairment by the book value per share after the stock dividend...................... | $29.39 |
| The quotient is the number of shares required to make good the impairment........................ | 552.6 |
| Add the number of shares originally held in trust.... | 1,500 |
| The sum is the number of shares of stock that the trustee should hold in trust for the remaindermen.. | 2,053 |

The number of shares now in hands of the trustee:

| | |
|---|---|
| Number of shares originally held in trust | 1,500 |
| Add the number of shares received by 100 per cent stock dividend | 1,500 |
| The sum is the number of shares now held by the trustee | 3,000 |
| Deduct the number of shares originally held in trust and the number required to make good the impairment | 2,053 |
| The difference is the number of shares which the life beneficiaries are entitled to | 947 |

Multiply the number of shares to be held in trust, 2,053, by the value per share after the dividend, $29.39, and the product is $60,337.67. The original value of the investment was $60,326.25.

### 4. *Ohio Oil Company.*

| | |
|---|---|
| The book value of the investment at the time of the creation of the trust | $28,106 00 |
| Deduct the book value of the investment after the payment of the stock dividend | 7,503 00 |
| The difference is the amount of the impairment of the corpus of the trust | $21,567 00 |
| Divide the impairment by the book value per share after the stock dividend | $37.515 |
| The quotient is the number of shares required to make good the impairment | 574.8 |
| Add the number of shares originally held in trust | 200 |
| The sum is the number of shares of stock that the trustee should hold in trust for the remaindermen | 775 |

The number of shares now in hands of the trustee:

| | |
|---|---|
| Number of shares originally held in trust | 200 |
| Add the number of shares received by 300 per cent stock dividend | 600 |
| The sum is the number of shares now held by the trustee. | 800 |
| Deduct the number of shares originally held in trust and the number required to make good the impairment | 775 |
| The difference is the number of shares which the life beneficiaries are entitled to | 25 |

Multiply the number of shares to be held in trust, 775, by the value per share, after the dividend, $37.515, and the product is $29,064.125.   The original value of the investment was $28,106.

### 5. *Standard Oil Company, Indiana.*
#### *Stock dividend December* 18, 1920.

| | |
|---|---:|
| The book value of the investment at the time of the creation of the trust............................. | $153,255.648 |
| Less the book value of the investment after the stock dividend....................................... | 76,659.00 |
| The difference is the amount of impairment of the corpus of the trust.............................. | 76,596.648 |
| Divide the amount of the impairment by the book value per share after the dividend............... | $57.90 |
| The quotient is the number of shares required to make good the impairment............................ | 1,323 |
| Add the number of shares originally held in trust.... | 1,324 |
| The sum is the number of shares of stock that the trustee should hold in trust for the remaindermen.. | 2,647 |

The number of shares now in the hands of the trustee:

| | |
|---|---:|
| Number of shares originally owned................. | 1,324 |
| Add the number of shares received by 150 per cent stock dividend.................................. | 1,986 |
| The sum is the number of shares now held by the trustee........................................ | 3,310 |
| Deduct the number of shares originally owned and the number required to make good the impairment.... | 2,647 |
| The difference is the number of shares which the life beneficiaries are entitled to receive............... | 663 |

Multiply the number of shares to be held in trust, 2,647, by the value per share after the dividend, $57.90, and the product is $153,261.30.   The original value of the investment was $153,255.648.

### 6. *Standard Oil Company, Indiana.*
#### *Second stock dividend, December* 28, 1922.

The book value of the investment after the date of the first dividend $153,255.648, but the executor and trustee sold 810 shares before the second divi-

dend was declared so the trustee held, at the time of the declaration of the second dividend, 1,837 shares of the book value of $57.90 per share...... $106,362 30

Less the book value of the investment after the stock dividend.................................... 60,363 82

The difference is the amount of the impairment of the corpus......................................... $45,998 48

Divide the amount of impairment by the book value per share after the dividend..................... $32.86

The quotient is the number of shares of stock required to make good the impairment.................. 1,399.83

Add the number of shares held at the time of the declaration of this dividend..................... 1,837

The sum is the number of shares of stock that the trustee should hold in trust for the remaindermen.    3,237

The number of shares now in the hands of the trustee:

Number held by trustee at the time of declaration of dividend December 28, 1922, for the trust........    1,837

Add the number received by 100 per cent stock dividend..................................... 1,837

The sum is the number now held by the trustee.....    3,674

The trustee also held at the time of the declaration of the dividend of December 28, 1922, 663 shares of stock of this company which should have been apportioned to the life beneficiaries.  See finding No. 5 above.  Add to this number received by 100 per cent stock dividend, 663 shares...........    1,326

The sum of the two is 1,326 which belong to the life tenants irrespective of the apportionment under No. 6 herein.

The number of shares the trustee now holds in his possession....................................    5,000

Deduct from the number held by the trustee for account of the trust.............................    3,674

The number of shares held by him at the time of the declaration of this dividend of December 28, 1922, and the number necessary to make good the impairment........................................    3,237

| | |
|---|---:|
| The difference is the number of shares which the life beneficiaries are entitled to have apportioned to them from the trust by reason of the dividend of December 28, 1922................................ | 437 |
| Add to this number the number of shares they are entitled to receive by reason of the stock dividend on the amount apportioned to them by the dividend of December 18, 1920......................... | 1,326 |
| The sum is the total number of shares the life beneficiaries are entitled to receive from these two dividends................................... | 1,763 |

Multiply the number of shares held in trust 3,237, by the value per share after the dividend, $32.86, and the product is $106,367.82. The value of the investment on December 28, 1922, the date of the declaration of the second dividend, was $106,362.50.

The life beneficiaries are entitled to the following number of shares of stock:

| | Standard Oil Co. New York. | Standard Oil Co. (New Jersey). | Standard Oil Co. California. | Ohio Oil. | Standard Oil Co. (Indiana). |
|---|---|---|---|---|---|
| Hazel Hunter............. | 286.2 | 170.2 | 189.4 | 5 | 352.6 |
| Helen A. Ford............ | 286.2 | 170.2 | 189.4 | 5 | 352.6 |
| Edith Hunter Brown...... | 286.2 | 170.2 | 189.4 | 5 | 352.6 |
| Minnie L. Robertson...... | 286.2 | 170.2 | 189.4 | 5 | 352.6 |
| George H. Bemis......... | 286.2 | 170.2 | 189.4 | 5 | 352.6 |

Submit order for construction and distribution in accordance therewith upon notice to attorneys and special guardian.

Decreed accordingly.