In the Matter of the Judicial Settlement of the Account of the Executor of the Last Will and Testament of CHARLES GREER, Deceased.

Surrogate's Court, Westchester County, November 17, 1924.

**Wills — construction — extraordinary stock dividends must be applied to income of estate when will so directs — executor not entitled to commissions on real estate turned over in kind to trustee — testator gave power to reinvest assets of estate, but directed retention of securities held by him " as far as possible "— trustee has power to sell personal property.**

Extraordinary stock dividends, declared after the death of a testator, must be credited to the income of his estate where he expressly indicates his intention that they should be so applied.

The executor is not entitled to commissions on real estate turned over in kind by him to the trustee of the estate for the purpose of the trust created by testator's will since the power of sale never was exercised and there was no equitable conversion.

The trustee will be deemed to have a power of sale of the personal property of a trust, set up by the terms of the will, in the exercise of its sound judgment, where the testator directed the trustee " to make investments and reinvestments of any funds or assets which may be at any time on hand in any property or securities whatever, real or personal," but directed the retention of the personal estate " as far as possible " as he had held it.

PROCEEDINGS upon judicial settlement of accounts of executor.

*Omri F. Hibbard,* for the executor.

*Geller, Rolston & Blanc,* for the trustee.

*J. Alvord Peck,* special guardian.

SLATER, S.   Three questions are submitted upon this accounting. The first relates to a determination whether three extraordinary stock dividends which were declared after the death of testator are to be treated as income or principal.   The 20th paragraph of the will provides that " it is my intention that all dividends on stock declared subsequent to my death shall be deemed income

whether such dividends be ordinary or extraordinary." In determining the location of extraordinary dividends as between principal and income the intention of the testator must be found and followed. It depends upon the wording of the instrument creating the trust. When not indicated the principle laid down in *Matter of Osborne*, 209 N. Y. 450, and similar subsequent cases must prevail. In the instant case the testator clearly indicated his intention and the extraordinary dividends must be credited to income. *Matter of Bemis*, 123 Misc. Rep. 255.

Another question relates to the commission upon real estate which is to be turned over in kind by the executor to the trustee for the purpose of the trust created by the will. The executor is not entitled to commissions on this real estate. The power of sale was never exercised. There was no equitable conversion. The real estate was not actually " received, distributed or delivered " by the executor as required by the Surrogate's Court Act (§ 285). *Matter of Taylor*, 121 Misc. Rep. 7; *Matter of. Seiss*, 119 id. 521; *Matter of Boecher*, N. Y. L. J. Oct. 7, 1921; *Matter of Arenfred*, Id. Jan. 23, 1924.

The third question relates to whether the trustee, the Farmers' Loan and Trust Company, has a power of sale of personal property of the trust. Certain bonds described in paragraph 15 of the will, added to one-half share of the residuary estate, is held in trust pursuant to the terms of the will. The executor and the trustee are not the same. The powers granted to the executor and to the trustee are different. We are not interested at this time in the powers granted to the executor because the executor is about to turn over the assets in kind to the trustee to set up and establish the trusts. Whatever power there may be in the trustee is found in the 20th paragraph of the will. The first part of the 20th paragraph of the will relates only to the powers of the executor. The latter part of the 20th paragraph relates to the powers of the trustee. The testator set forth his wish and desire regarding the retention of property left by him, both real estate and the mentioned securities, and in the latter part of the 20th paragraph he reiterates his desire that " as far as possible " this property shall not be sold. Also " that the trustee of said trust shall have power and authority to make investments and reinvestments of any funds or *assets* which may be at any time on hand in any property or securities whatever, real or personal  *  *  *." The testator has practically stated to his trustee, the Farmers' Loan and Trust Company, that he desired his property " as far as possible " to be held as he had held it. But that, when occasion arose in its judgment, it should have the power and authority to " make investments and reinvest-

ments of any *funds or assets.*" This direction is not so much out of the ordinary. In fact, it is a well-painted picture of the desire of the decedent, and, if carried out by the trustee in the exercise of a fair judgment, will carry out the evident intention of Charles Greer. There should be some good reason in fact to back up the judgment of the trustee in the event of a sale of the land or securities. The testator has reposed confidence in the judgment to be displayed by the trustee.

The court construes and concludes that there is a power given in this will to sell the personal property of the trust in the exercise of the sound judgment and discretion of the trustee.