VALENTINE E. MACY et al., as Substituted Trustees under the Will of JOSIAH MACY, JR., Deceased, Respondents, *v.* KATE M. LADD, Appellant and Respondent, and VALENTINE E. MACY et al., Respondents and Appellants.

**Decedent's estate — trust — apportionment between life beneficiaries and remaindermen of subsidiary stocks distributed on dissolution of holding corporation, stock of which formed part of trust fund.**

This action was brought by trustees under a will for instructions as to the disposition to be made of securities distributed to them by the Standard Oil Company upon its dissolution and in regard to certain stock dividends declared and issued by several of the subsidiaries subsequent to the distribution. The judgment of the Appellate Division is modified in accordance with the principles laid down in *U. S. Trust Co. of N. Y. v. Heye* (224 N. Y. 242).

*Macy* v. *Ladd,* 182 App. Div. 216, modified.

(Argued November 19, 1919; decided January 13, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 17, 1918, modifying and affirming as modified a judgment entered upon the report of a referee.

*Richard V. Lindabury* and *William W. Ladd* for Kate M. Ladd, appellant and respondent.

*John A. Garver* and *Cortland Betts* for Valentine E. Macy et al., respondents and appellants.

*Ernest P. Hoes* and *Frank L. Hall* for Josiah M. Willets et al., respondents and appellants.

*Albridge C. Smith* for Valentine E. Macy et al., as trustees, respondents.

*Per Curiam.* The judgments of the courts below determine the respective rights of the parties in the stocks of the so-called Standard Oil subsidiaries distributed in 1911 and 1912 pursuant to the decision of the Federal Supreme Court. (*Standard Oil Co. of N. J.* v. *United States,* 221 U. S. 1.)

This action was brought by the substituted trustees under the will of Josiah Macy, Jr., deceased, of the trust thereby created for the benefit of the defendant Kate M.

Ladd and remaindermen for instructions in regard to the stock so distributed, and in regard to certain stock dividends and rights declared and issued by several of the subsidiaries subsequent to the distribution.

The general principles governing this distribution were decided by this court in the case of *U. S. Trust Co. of N. Y.* v. *Heye* (224 N. Y. 242, modifying 181 App. Div. 544), and it is needless to restate them.   While it is urged that the evidence is not identical, the history of the various stocks is essentially the same.   It is difficult to reach different conclusions in two cases so closely connected. The decision of this court in the *Heye* case had not been announced when the Appellate Division decided the case at bar.   The latter court, therefore, followed its own decision in the *Heye Case* (181 App. Div. 544), which has since been modified by this court, and it is now necessary to follow such modifications here so far as the facts are the same, and make other modifications based on the fact that the trust in this estate was created some seven years before the trust in the *Heye* case.

The court has adopted March 23, 1892, as the date when the trust was set up.   This is the date when testator's youngest child attained his majority, at which time the trustees were directed to divide the residuary estate into shares, and is the proper date, although the trust securities were not physically segregated by the trustees until March 16, 1893.

It is also urged that on June 10, 1896, a judgment of the Supreme Court, New York county, was rendered in an action brought by the then executors and trustees of the will of Josiah Macy, Jr., deceased, for instructions in regard to the disposition of certain Standard Oil trust certificates then held by them, and it is contended that this judgment settled the plaintiffs' accounts and construed the will as bearing upon the rights and duties of the trustees in regard to the Standard Oil securities in such manner as to constitute an adjudication binding on the life beneficiary here, that all of the subsidiaries' stocks distributed in 1911–1912 and all subsequent accumulations

thereof by way of stock dividends and rights were capital of this testamentary trust. This contention cannot prevail. No issue arose or was litigated in that case with respect to the rights of the life beneficiary and remaindermen as against each other, which affects the situation here.

The rules stated in the *Heye* case are to be worked out upon the facts of this trust as follows:

1. As was decided in the *Heye* case, all of the stock of the Standard Oil Co. (Nebraska) and 11/25 of the stock of the Standard Oil Co. (California) should be apportioned to capital instead of income. (224 N. Y. 257–259.)

It is urged that the proofs in this case show that the shares in question, or part thereof, were paid for out of accumulated earnings and should go to the life tenant, but the evidence in the two cases does not differ essentially. It is not enough to show that payment was made out of accumulated earnings. It must appear, in order to sustain the contention of the life tenant, that payment was made out of earnings accumulated subsequent to the formation of the trust. As was said in the *Heye* case, this transaction was but an exchange of stock.

2. The trustees take the position that the court below should have awarded to the life beneficiary 2000/16875 of 84 shares of the Galena Signal Oil Co. preferred stock received by the Ladd trustees in 1911. This stock was awarded to capital in the *Heye* case, but it was bought by the Standard Oil Co. out of the accumulated earnings and is practically conceded to the life beneficiary.

3. The trust was set up in the *Heye* case on May 10, 1899. In the present case the date was March 23, 1892. The Appellate Division for this reason awarded the Continental Oil Co. stock, 939 shares, purchased August 22, 1893, the Swan & Finch Co. stock, 250 shares, purchased July 23, 1894, and the Vacuum Oil Co. stock, 1 share, purchased July 11, 1896, to the life beneficiary, because the purchase in each case was made from accumulated earnings. While it appears that the shares were paid for out of accumulated earnings, it does not appear

when such earnings were accumulated. The Borne-Scrymser stock, purchased March 30, 1893, one year after the formation of the trust, was properly assigned to capital, because the time of the purchase was so soon after the formation of the trust as to indicate that the earnings were accumulated prior to such formation. The same rule should be applied here and the shares assigned to capital.

4. S. W. Penna. Pipe Line Co., Washington Oil Co. and Crescent Pipe Line Co. belong to corpus as in the *Heye* case, and were properly awarded thereto in this case. The trustees see substantial ground for the contention that they should go to the life tenant, but the prior holding on the same facts is controlling here.

5. Cumberland Pipe Line Co. and Prairie Oil and Gas Co. were awarded to capital in the *Heye Case* (224 N. Y. 257) and this case. No evidence is found that these shares were paid for out of accumulated earnings. It follows that when they were distributed the capital of the company holding them was reduced.

6. Illinois Pipe Line Co. and Prairie Pipe Line Co. stock, assigned to income in the *Heye* case, do not appear in this case.

The judgment of the Appellate Division should be modified as follows: Eleven twenty-fifths (11/25) of the stock of the Standard Oil Co. (California) apportioned to capital; fourteen twenty-fifths (14/25) to the life beneficiary; also to the life beneficiary 2000/16875 of the 84 shares of Galena Signal Oil Co. stock, received by the Ladd trustees in 1911; all of the stock of the Standard Oil Co. (Nebraska), Continental Oil Co., Swan & Finch Co. and Vacuum Oil Co. stock apportioned to capital. In other respects the judgment affirmed, without costs to either party.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, McLAUGH-LIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.