Matter of the Estate of JOHN A. DAVIS, Deceased.

(Surrogate's Court, New York County, November, 1920.)

Wills — construction of — trusts — holding securities '' intact.''

> Where one, considering that his holdings in a certain corporation are valuable property and will increase in value, expresses the wish in his will creating several trusts, that said holdings be kept " intact" and only two of the trust funds are large enough to permit of placing all of said stock therein, an apportionment will be made between the various trust funds unless the consent of all beneficiaries that it be placed in a particular trust fund is filed.

PROCEEDINGS upon the construction of a will.

Bigelow & Wise, for executor, The Dollar Savings and Trust Company of Youngstown, Ohio.

John E. Brady, for Amo Pauline Sessions Banks.

John Reilly, special guardian of the infants herein.

COHALAN, S.   Instructions are asked of the court by the executor as to the effect of the use of the word '' intact '' in the following paragraph of the testator's will:  '' It is my wish that my holdings in the St. Croix Paper Company be held *intact,* as I consider them valuable property, which I believe will increase in value.'' The executor has 600 shares of this paper company stock, which are of considerable value.  Several trusts are created by the will, and the executor is in doubt as to which trust fund to place this stock in.  He has taken the word '' intact '' at its dictionary definition, '' left complete or unimpaired; whole, undiminished.'' By reason of the value of this stock there are only two trust funds created under the will large enough to per-

mit the placing of all of it therein. The other trust funds are too small to receive it intact, whole and undivided. One of these trust funds is for the benefit of the widow. She has expressed her request to the executor that this stock be not put in the trust fund for her, but that it be put in the other trust fund for one Mrs. Banks. The court is of the opinion that the testator, by the use of the word " intact " in his will, did not mean that this 600 shares of stock be held whole and undivided and be applied towards the creation of one trust fund. By intact he apparently meant that they were to keep it, to withhold it from sale either in whole or in part, and intended by that paragraph to vest in the trustees the power of retaining this stock as part of the securities of the various trust funds which, under the law, they would not be justified in so doing, this stock not being a legal investment for trust funds. No intention is discoverable throughout the will of having this stock go wholly to the benefit of one beneficiary in case it should increase in value, or wholly to the detriment of one beneficiary in the event of its decrease in value. The testator held it at considerable value, and was desirous that it should not be sold by his executor, but should be held by him and inure to the benefit of the legatees mentioned in his will. No one person should get it all either for benefit or detriment as future fluctuations in its value might cause. It therefore appears to the court that an apportionment of this stock should be made between the various trust funds unless consents of all the beneficiaries to the placing of it in one particular trust fund be filed. Costs taxed and compensation of special guardian fixed.

Decreed accordingly.