ment, entered May 2, 1922, unanimously affirming a determination of the state industrial board denying compensation to claimant under the Workmen's Compensation Law. Claimant's husband, an employee in defendant's tannery, died of anthrax poisoning. It was contended that he became infected while handling hides at his work. The state industrial commission held that the evidence did not sustain such contention. (See 228 N. Y. 21.)

*Rollin W. Meeker* and *Laverne M. Twining* for appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of GEORGE F. CANFIELD et al., as Trustees under the Will of MARGARET T. SCHLEY, Deceased.

J. MONTFORT SCHLEY et al., Appellants; ANDREW S. HAMERSLEY, Special Guardian for EBENEZER S. M. SCHLEY et al., Respondent.

*Decedent's estate — trust — accounting — when stock dividend should be accredited to principal.*

*Matter of Schley,* 202 App. Div. 169, affirmed.

(Argued November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1922, which reversed so much of a decree of the New York County Surrogate's Court as directed delivery of certain shares of stock as income, adjudged them to be principal and remitted the proceeding to the Surrogate's Court for action in conformity therewith. Testatrix by the sixth paragraph of her will erected a trust and directed that the net income arising therefrom be paid in certain proportions to her husband and children during the life of her said husband.

The following question was certified: " Under the facts and circumstances disclosed by the record, should the 567 shares of the Central Union Trust Company stock, received by the trustee in exchange for 567 shares of Central Trust Company stock received as an eighty-four per cent dividend on 675 shares of stock, be transferred and delivered to the life beneficiaries as income in the proportions set forth in paragraph sixth of the will? "

*Royal E. T. Riggs* for appellants.

*Harry H. Hoffnagle* and *Andrew S. Hamersley* for respondent.

Order affirmed, with costs payable out of estate, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

A. O. ANDERSON & Co., INC., Respondent, *v.* STANDARD SHIPBUILDING CORPORATION, Appellant.

*Commissions — contract — construction of contract for payment of commissions.*

*Anderson & Co., Inc.,* v. *Standard Shipbuilding Corpn.*, 202 App. Div. 795, affirmed.

(Argued November 24, 1922; decided December 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1922, affirming a judgment in favor of plaintiff, entered upon an order of Special Term granting plaintiff's motion for judgment on the pleadings. The action was brought to recover the sum of $40,608.88 and interest, being a balance claimed to be due to the plaintiff as brokerage commissions on certain contracts for the construction of vessels which the plaintiff procured for the defendant. The amount claimed was not in dispute the issue being whether the defendant was liable for the commissions. The answer alleged that the commissions were payable by the defendant when, and only when, installments of purchase price were received by the defendant from the several purchasers. Plaintiff con-