In the Matter of the Accounting of the UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of CLINTON W. BIRD, Deceased, Respondent.

LENA BIRD, Appellant; WALLACE C. BIRD et al., Respondents.

**Trust — extraordinary dividends apportioned between life tenant and remaindermen as of date of creation of trust — date of creation of trust depends upon intention of testator — death of testator fixes time of creation in absence of indication of contrary design.**

1. The apportionment of extraordinary dividends as between life tenants and remaindermen is to be made as of the time of the creation of the trust.

2. As to when a trust is created depends upon the intentions of the testator as expressed in his will. Where there is nothing to indicate a contrary design it is created upon the testator's death and is certainly created from the date when the *cestui* becomes entitled to its benefits. The testator may postpone the creation of the trust but its creation is never dependent upon the action or non-action of executor or trustee nor upon their caprice or diligence.

3. Where testator devised and bequeathed the residue of his estate in trust, directed the disposal of the income by the trustee and at the termination of the trust provided for the distribution of the principal, and directed the executor, to whom was given a power of sale, to turn· over to the trustee any of the property, securities or investments of which testator died seized or possessed, there is no indication of an intention to postpone the creation of the trust to a future date, but there is a clear intent that the beneficiaries should receive the income from the testator's death. The trust, therefore, was created as of that time and the apportionment of extraordinary dividends should be made as of the same day. ( *U. S. Trust Co.* v. *Heye*, 224 N. Y. 242; *Macy* v. *Ladd*, 227 N. Y. 670, distinguished.)

*Matter of Bird*, 213 App. Div. 303, modified.

(Submitted October 5, 1925; decided November 24, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1925, which reversed a decree of the New York County Surrogate's Court, in a proceeding for the settlement of the accounts of a trustee, in so far as it decreed that the apportionment of extraordinary dividends should be determined as of the date of the testator's death.

*John J. Robinson* for appellant. Stock dividends must be apportioned between life tenants and remaindermen on the basis of the date of decedent's death. (*Matter of Osborne*, 209 N. Y. 450; *Cragg* v. *Riggs*, 5 Redf. 82; *Matter of Kernochan*, 104 N. Y. 618; *Matter of Harteau*, 204 N. Y. 292.)

*George F. Canfield* and *Frederick C. Bangs* for trustee, respondent. The trust of the entire residuary estate

under the terms of the will of Clinton W. Bird, deceased, was created and came into being on the date of the testator's death, namely, December 23, 1916, from which date the life beneficiaries are entitled to all income thereafter earned, declared and paid. (*Matter of Osborne,* 209 N. Y. 450.) It was the intention of the testator that his widow and son, the life beneficiaries named in his will, should receive all income from his residuary estate earned subsequent to the date of his death. (*Cooke* v. *Meeker,* 36 N. Y. 15; *Matter of Stanfield,* 135 N. Y. 292; *Barrow* v. *Barrow,* 55 Hun, 503; *Matter of Baker,* 57 App. Div. 44; *Bank of Niagara* v. *Talbot,* 110 App. Div. 519; *Matter of Kings County Trust Co.,* 141 App. Div. 43; *Matter of Parkin,* 190 App. Div. 875; *Matter of Carey,* 200 App. Div. 344; *Matter of McGowan,* 124 N. Y. 526.) There is no reason why the testator's intention with reference to the disposition of extraordinary income should not prevail the same as in the case of ordinary income. The physical delivery of securities by the executor to the trustee does not of itself, without other controlling facts and circumstances, determine the date of the creation of the trust, as of which the apportionment of extraordinary income should take place. (*Matter of Osborne,* 209 N. Y. 450; *Matter of Roberts,* 117 Misc. Rep. 794; *Matter of Balch,* 98 Misc. Rep. 510; *Matter of Bemis,* 123 Misc. Rep. 255; *Matter of Megrue,* 170 App. Div. 653.)

*Irwin Untermyer* for Wallace C. Bird, respondent. (*United States Trust Co.* v. *Heye,* 224 N. Y. 242; 181 App. Div. 544.) The correct date to be taken in making the calculation where an apportionment is necessary is the date when the securities were received by the trustee. (*Marcy* v. *Ladd,* 227 N. Y. 670.)

*Arthur B. Smith* for Ada V. Bird et al., individually and as executors, respondents. The phrase, " the time of the creation of the trust," used in *Matter of Osborne*

has been judicially interpreted by the Appellate Division, first department, in *United States Trust Co.* v. *Heye* (181 App. Div. 544) to mean the date when the particular securities came into the hands of the trustee. (*Marcy* v. *Ladd,* 227 N. Y. 670.)

*J. Daniel Dougherty* for Willard Fisher, as executor of Marie L. B. Fisher, respondent. The date upon which the particular securities came into the hands of the trustee has been judicially interpreted by the Appellate Division, first department, in *United States Trust Co.* v. *Heye,* and affirmed by the Court of Appeals as " the time of the creation of the trust." (*Marcy* v. *Ladd,* 227 N. Y. 670.)

*Andrew S. Hamersley* for Florence B. Ford, respondent. The date upon which the particular securities came into the hands of the trustee, namely, June 24, 1918, is to be taken as the date of the creation of the trust. (*United States Trust Co.* v. *Heye,* 181 App. Div. 544.)

*John V. Downey* and *James J. Walker* for Walter G. Bird et al., respondents. The proper date for making the apportionment herein is when the securities were delivered by the executor to the trustee. (*United States Trust Co.* v. *Heye,* 181 App. Div. 544; 224 N. Y. 242.)

ANDREWS, J. The apportionment of extraordinary dividends as between life tenants and remaindermen is to be made as of the time of the creation of the trust. (*Matter of Osborne,* 209 N. Y. 450.) When is a trust created? The answer depends upon the intentions of the testator as expressed in his will — not upon the action or non-action of executor or trustee — not upon their caprice or diligence. It may be upon the testator's death. It is if there is nothing to indicate a contrary design. Where a sum is left in trust with the direction that the income be paid to A, then A is entitled to income from the death of the testator. (*Cooke* v. *Meeker,* 36 N. Y. 15; *Matter of Ben-*

*son,* 95 N. Y. 503, 511; *Matter of Stanfield,* 135 N. Y. 292.)
The trust certainly is created from the date when the
*cestui* becomes entitled to its benefits.   Being so able to
claim the income from the testator's death it is immaterial
whether this income earned after that date be large or
small; whether the trustee receives it by way of ordinary
or extraordinary dividends.   Such was the situation in
*Matter of Osborne* (209 N. Y. 450); in *Matter of Megrue*
(217 N. Y. 623); in *Matter of Schley* (234 N. Y. 616), and
in *Bourne* v. *Bourne* (240 N. Y. 172).

The testator, however, may expressly postpone the crea-
tion of a trust to a later date as " when my youngest child
becomes twenty-one."   Here that date governs, not the
date a year or so later when the trust securities are
actually segregated.   (*Macy* v. *Ladd,* 227 N. Y. 670.)

Again, at times, we may discover an intention not
stated in so many words to postpone the creation of the
trust as when executors and trustees are directed to do
some act upon which the principal of the trust estate
depends — such for instance as the selection in their dis-
cretion of the securities of which it is to consist.   This
was the situation in *U. S. Trust Company* v. *Heye* (224
N. Y. 242).   Mr. Heye gave his residuary estate to a
trustee who was to divide it into three equal parts,
appraising the value of the various items according to
its own judgment and selecting the securities to compose
each share.   Its action was to be conclusive and " each of
said shares shall be constituted accordingly."   Obviously
the creation of the trust was here to be postponed beyond
Mr. Heye's death, which occurred on February 8, 1899.
But as soon as the securities came into the hands of the
trustee on May 10th of the same year it was called upon
to act promptly and we fixed upon that day as the date
of the creation of the trust.   We certainly did not hold
or intend to hold that in all cases the date of the creation
of the trust was fixed by the time the executors actually
delivered the trust funds to the trustee or if executors

and trustees were one, the time when they segregated the trust funds or made appropriate entries on their books. (*Matter of Kohler,* 231 N. Y. 353, 373.)

Mr. Bird, after various bequests devised and bequeathed the residue of his estate to the United States Trust Company in trust. He directed the disposal of the income by the trustee and at the termination of the trust provided for the distribution of the principal. The executor was told to turn over to the trustee any of the property, securities or investments of which Mr. Bird died seized and possessed, but he was given the power to sell the same. We fail to find in this will any indication such as existed in the *Ladd* and *Heye* cases of an intention to postpone the creation of the trust to some future date. On the other hand, the clear intent was that the beneficiaries should receive the income from the testator's death. Therefore, the trust was created as of that time and the apportionment should be made as of the same day.

The order of the Appellate Division in so far as it modifies the decree of the Surrogate's Court should be reversed and the decree of such Surrogate's Court affirmed, with costs in this court and the Appellate Division to the appellants payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Ordered accordingly.