In the Matter of the Accounting of SECURITY TRUST COMPANY OF ROCHESTER, as Trustee under the Will of HENRY A. STRONG, Deceased.

Surrogate's Court, Monroe County, July 18, 1952.

*Alfred W. Dunbar* and *George H. Hawks, Jr.,* for trustee, petitioner.

*Thomas M. Nichols* for L. Corrin Strong, respondent.

*E. James Hickey* for Corrin P. Strong and others, respondents.

*David H. Shearer,* special guardian for Michael B. Hubler and others, infants, respondents.

WITMER, S. Again in this estate the court is asked to determine a question of apportionment of a stock dividend upon the common stock of the Eastman Kodak Company held in a trust created under testator's will. Since the will was made in 1918 and admitted to probate in 1919, the legislative enactment of 1926 (L. 1926, ch. 843), known as section 17-a of the Personal Property Law, is not applicable. (See *Matter of Strong,* 198 Misc. 7, affd. 277 App. Div. 1157.) By paragraph " EIGHTH " of the will testator provided for a trust of one fourth of the residue of his estate for the use of his widow, Hattie A. Strong, for life. He also provided in said paragraph that upon his widow's death the corpus of the trust should be divided into four equal parts, three of which should be then distributed and the fourth should be held by the trustee in trust for L. Corrin Strong, testator's stepson, for life, with remainder to L. Corrin Strong's children, but if he should die without children him surviving, to testator's three children equally. The trust for testator's widow terminated upon her death on June 6, 1950. Before the trustee, petitioner herein, could account and distribute the three parts of the trust and set up the trust for L. Corrin Strong with the fourth part, Eastman Kodak Company declared a 10% stock dividend which was thereafter, in early 1951, received by the trustee. One fourth of such dividend arising from the fourth part to be held in trust for L. Corrin Strong amounts to 3,000 shares, and is the object of this proceeding. The accounting trustee has allocated 1,292 shares thereof to income and 1,708 shares to principal of the trust. The life beneficiary, L. Corrin Strong, contends that all of the 3,000 shares must be allocated to income.

The rule in these stock dividend apportionment cases is that the value of the corporate assets represented by the stock at the time of the creation of the trust must be maintained unimpaired during the life of the trust, without depletion thereof or of any capital gain thereon. (*Matter of Osborne,* 209 N. Y. 450.) Under such rule as stated in the *Osborne* case all 3,000 shares of said stock dividend must be apportioned to income if the computation is to be based upon the original intact value of the stock in the trust set up for Hattie A. Strong, divided by one fourth. However, if the computation is to be based upon one fourth of the value of said stock in the trust for Hattie A. Strong *at her death,* only 1,292 shares may be apportioned to income. Hence the question presented is, when was the trust for L. Corrin Strong created?

The intention of the testator as expressed in his will determines when a trust is created. (*Matter of Bird,* 241 N. Y. 184.) The *Bird* case held that since the *cestui que trust* was entitled to benefits under the trust from the date of testator's death, that was the date for fixation of intact value. The court stated that if the testator postponed the creation of the trust, such date would be decisive.

The rule thus stated is applicable here. Testator created one trust for his widow, and a second trust for L. Corrin Strong. The latter trust can in no sense be deemed the same as the original trust, nor a continuation of it. It comprised different assets, had a different beneficiary and different remaindermen, and had different provisions for payment of income. The assets which would comprise the trust for L. Corrin Strong could not be determined until the death of Hattie A. Strong, the life tenant in the first trust, and L. Corrin Strong was entitled to no income from the corpus of the second trust until the death of Hattie A. Strong in 1950, as of which date the second trust was created by the testator. Under *Matter of Bird* (*supra*) that is the date for determining the intact value of the Eastman Kodak Company stock in this trust.

L. Corrin Strong, the life beneficiary, is therefore entitled to have allocated to income 1,292 shares of said 3,000 shares of the Eastman Kodak Company common stock dividend, and the remaining 1,708 shares thereof must be allocated to the corpus of the trust.

Submit decree accordingly.