S. Samuel Di Falco, S.
In this proceeding to judicially settle his account the executor has requested construction of paragraph Eleventh of the decedent’s will and instructions as to the date from which income payments were due under paragraphs Twelfth and Thirteenth of the decedent’s will.
Under paragraph Eleventh of his will the testator directed that the rest, residue and remainder of his estate be divided into four parts denominated as “ Trust A ” and “ Trust B ”, “ Trust G ” and “ Trust D ”. “ Trust A ” was to consist of four twelfths of the decedent’s residuary estate, “Trust B ” was to consist of six twelfths of the decedent’s residuary estate, £ £ Trust C ’ ’ and £ ‘ Trust D ’ ’ were each to consist of one twelfth of the residuary estate. Thereafter in paragraphs Twelfth and Thirteenth of his will the testator gave lengthy directions as to the administration of and ultimate disposition of £ £ Trust A ’ ’ and “ Trust B ”. No mention is made anywhere in the will as to the disposition of “ Trust C ” and “ Trust D ”.
It is urged by the special guardian that the testator intended that “ Trust C ” and “ Trust D ” should be held for the benefit of his two grandchildren, Chantal Persone and Flavia Persone, until each of said children should reach the age of 24. Why the age of 24 was picked is not apparent to the court other than a vague reference to an alleged indication that this was the testator’s intent. A statement to that effect appears in the petition submitted by the petitioning executor, but no supporting evidence is submitted and if such supporting evidence were available it would not be admissible. (Matter of Powers, 85 N. Y. S. 2d 607 and cases cited therein; 4 Page, Wills, § 1625.)
The only basis for the contention that a gift by implication was intended seems to be that the testator designated the said two grandchildren as possible contingent remaindermen under “ Trust A ”. It does not appear to the court that any basis or justification has been established for the gift by implication pleaded for by the special guardian. The testator’s intention with respect to the two twelfths of his residuary estate desig *175 uated as “ Trust C ” and “ Trust D ” is not apparent from a reading of the will and such intention cannot be arrived at by conjecture. ■ There was a clear omission on the part of the testator to name the beneficiary respondents of Trusts ‘ ‘ C ” and “ D ” or to designate the manner in which such trusts were to be administered with respect to either income or principal. This court has no power to construct a will where none has in fact been made or to import into a will new provisions which are designed to create a testamentary disposition which is never expressed nor necessarily to be implied (Dreyer v. Reisman, 202 N. Y. 476; Matter of Winburn, 265 N. Y. 266; Tilden v. Green, 130 N. Y. 29; Masterson v. Townshend, 123 N. Y. 458; Matter of Englis, 2 N Y 2d 395). There is no indication in the case at bar that the gift by implication was the manifest intention of the testator which was the basis of the decision made in Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664).
The court, therefore, rules that there has been no effective disposition of the residuary trusts designated as “ Trust C ” and “ Trust D ” and that the two twelfths of the residuary estate set aside for the establishment of such trusts must pass as intestate property (Wright v. Wright, 225 N. Y. 329).
The rule is well established that a testamentary trust is deemed to have been created upon the death of the testator and that the income thereof is deemed to be payable from that date unless a contrary intention appears (Matter of Bird, 241 N. Y. 184; Matter of Stanfield, 135 N. Y. 292). No contrary intention appears in the will submitted for construction in the case at bar. In paragraph Eleventh of his will the testator in fact uses the following language with reference to the creation of the four trusts: 11 Upon my death they shall divide the principal thereof into four parts ”. Under these circumstances the court can see no reason for deviation from the rule and finds, therefore, that the income payments are due to the respective recipient beneficiaries as of the date of death.
Submit decree on notice or consent construing the will and settling the account accordingly.