Nathan R. Sobel, S.
Petitioner widow (and executrix) has brought this proceeding to determine the validity and effect of her election to take against the provisions made for her by the will of her late husband. Testator died July 28, 1967.
In essence, the widow seeks to take her elective share outright rather than (as provided in the will) in trust with income therefrom payable to her for life.
The widow’s right of election is here governed by subdivision (c) rather than (a) of EPTL 5-1.1 since the will though executed January 13, 1954 was “ republished ” by a codicil executed October 4, 1966. (Matter of Campbell, 170 N. Y. 84; Matter of Byrnes, 260 N. Y. 465.) No particular point is raised in the petition in this respect although her “ cash” share would be $10,000 under subdivision (c) rather than the $5,000 provided in the will in the absence of nontestamentary substitute benefits.
The issue which is raised concerns paragraph second (d) of the will: “ In the event my said wife shall predecease me, or die within a period of six months after my decease, then I direct that the said portion hereinabove directed to be set aside for my *82 wife be added to and become part of my residuary estate to be disposed of as hereinafter provided ”. (Italics added.)
The reference in subdivision (d) above was to a testamentary trust created for the benefit of the wife. This trust was in an amount equal to the wife’s elective share with income for life in full compliance with the statute governing a widow’s right of election (EPTL 5-1.1, subd. [c], par. [1], subpar. [D]). It also qualified as a marital deduction trust under Federal estate tax standards (Internal Revenue Code, § 2056, subd. [b], par. [3] ; U. S. Code, tit. 26, § 2056, subd. [b], par. [3]).
It is contended by the petitioner widow that the six-month provision (italicized above) deprives her of her elective share. In consequence she claims, as already noted, the right to take such elective share outright rather than, as provided in the will, in trust with “ the entire net income ” payable to her for life.
Her petition states “ since the benefits created for the petitioner under the will and codicils could terminate by her death should she have died within the period of six months after the testator’s demise [it] was not a ‘benefit for life ’ under the section of the EPTL.”
This contention answers itself. To state that her interest “ terminates ” upon her death within six months, is necessarily to state that it had begun and was running until such death. This is indeed what the will provided. The terms of the will provide, and the testator so intended, that his widow receive the trust income benefit for life, commencing from the date of his death and ending with the date of her death. There is no provision for the accumulation of income during the six-month period (Matter of Brettschneider, 30 A D 2d 59, 60). There exists a constructional preference in favor of provisions for the support of a widow (Moffett v. Elmendorf, 152 N. Y. 475, 487).
Clearly, the six-month provision in this will deprives her of nothing which the statute (EPTL 5-1.1) requires be given to a widow in lieu of her right to elect against the will. Whether she dies within or survives beyond the six-month period she receives her statutory share — i.e., ‘ ‘ a trust in an amount equal to or greater than the elective share, with income therefrom payable to the surviving spouse for life.” In New York, the income beneficiary of a trust is entitled to income from the date of the testator’s death (Personal Property Law, § 27, now EPTL 11-2.1, subd. [c], par. [1]; Matter of Bird, 241 N. Y. 184, 187-188).
Of course, if a will deprived a widow of her share unless she survived testator by more than six months, a different result would be required. Also, if a trust equal to the elective share deprived the widow of income during the six-month, period, a *83 direction from the Court would be necessary for the protection of the surviving spouse (see EPTL 5-1.1, subd. [c], par. [1], subpar. [J]) for she is entitled to “ substantially all of the net income ”. But these are not petitioner’s contentions and this will neither deprive her of her “ elective share ” or of “ all the income”.
Because these “ six-month provisions” may be found with some frequency in wills, some brief discussion is in order.
A first observation is that a widow’s “ right of election” under State statute (EPTL 5-1.1) has no relationship, except indirectly, to the ‘ ‘ marital deduction” for Federal estate tax purposes (Internal Revenue Code, § 2056). The most important difference is that a trust equal to her elective share qualifies to deprive a widow of her elective right if she is given all the income during her life. There is no State statutory requirement that the widow have the right to dispose of the remainder interest of her trust (Matter of Edwards, 3 N Y 2d 739). On the other hand, a trust does not qualify for the Federal estate tax “ marital deduction ’’ unless the widow is given in addition to all the income, the power to appoint the remainder interest without limitation and in all events. In the latter case the marital deduction trust escapes taxation in the husband’s estate but the general power of appointment is ultimately taxable in the widow’s estate (Internal Revenue Code, § 2041, subd. [b], par. [1]).
In some estates (particularly where the other spouse has substantial personal assets) it may be desirable to forego the marital deduction benefit. In other estates, that benefit is advantageous only if the other spouse survives long enough to exhaust or distribute other personal assets. In recognition of the latter problem, the Internal Revenue Code provides, in effect, that an interest passing to the wife which otherwise qualifies for the marital deduction will not be disqualified if: (1) the event which would terminate the disposition to the wife or cause it to fail is the occurrence of her death within a period not exceeding six months after the decedent’s death, and (2) the wife’s death does not so occur in fact (Internal Revenue Code, § 2056, subd. [b], par. [3]). The code permits a “ six-month provision” as an outside limit. Under such provision the marital deduction will be disallowed if the surviving spouse dies within that period but allowed if she survives the period.
As in the case of “ common disaster ’’ provisions (cf. EPTL 2-1.6) presumably some tax advantage may accrue in some estates by the use of the six-month provision. Its “ boiler-plate ” use as a formula clause is never justified.
*84 Returning to the instant .proceeding, the essential point is that the six-month provision as included in this will did not give rise to a right by this petitioner widow to elect against the will. Whether so intended or not, this testator directed that if his widow did not survive the six-month period, the remaining corpus of her trust was to be poured over into the trusts for the benefit of his children. Under such circumstances he would have lost the advantage of the marital deduction for Federal estate tax purposes. Since his wife survived the six-month period, his estate did receive the benefit of the marital deduction but the corpus of the widow’s trust is now subject to her general power of appointment.
It is noted that all persons with vested interests in the remainder of the, widow’s trust (three children) have ‘1 consented ” to the granting of her petition — as well they should. What only a very short time ago appeared to the testator to be adequate provision for the support of his widow is inadequate today— and will be even more so in the future.
There are here however five contingent remaindermen, in the persons of five infant grandchildren, whose interests are represented by a guardian ad litem. He is required to and does object to the granting of the petition (Matter of Durand, 250 N. Y. 45, 54-55; Matter of Wittner, 301 N. Y. 461, 465). The petition is denied.