■ In the Matter of the Estate of JESSIE W. DONAHUE, Deceased. MEYER HANDELMAN et al., as Executors of JESSIE W. DONAHUE, Deceased, Respondents, and GUSTAVE T. BROBERG, JR., as Executor of WOOLWORTH DONAHUE, Deceased, Appellant.—Decree, Surrogate's Court, New York County (signed by Midonick, S., pursuant to SCPA 2602, subd 1, par [b] upon a decision by Di Falco, S.), entered on August 16, 1974, insofar as appealed from, affirmed on the opinion of Surrogate Di Falco, with $60 costs and disbursements to all parties appearing separately and filing separate briefs payable by the estate of Jessie W. Donahue, deceased. Concur—Capozzoli, Land and Nunez, JJ.; Murphy, J. P., and Tilzer, J., dissent in part in the following memorandum by Tilzer, J.: Tilzer, J. (dissenting in part). Because I believe that a rule of law should not be applied in such manner that proven and undisputed facts are disregarded and property rights divested, I must dissent. The

decedent, Jessie W. Donahue, died on November 1, 1971 at 6:30 A.M. in New York. Pursuant to her will her son Woolworth Donahue was named as life income beneficiary of both a pecuniary bequest in trust and of a residuary trust, the remaindermen being four charitable institutions. At the time of her death decedent owned 180,000 shares of stock of the F. W. Woolworth Company. Previously, a resolution was adopted by the directors of Woolworth declaring a dividend of 30 cents per share, payable to stockholders of record at the close of business on November 1, 1971. On December 1, 1971, the sum of $54,000 in dividends was in fact paid. It is to be noted that on April 5, 1972 Woolworth Donahue died leaving a will which was duly admitted to probate in the State of Florida. The executor of the estate of Woolworth Donahue urged that the above dividends constituted income to the trust and accordingly, were payable to the income beneficiary—Woolworth Donahue. The Surrogate rejected that contention. In so doing, the Surrogate relied primarily upon the general rule that "the law does not take into account fractions of a day." *(Ely v Ely,* 163 App Div 320, 344.) It was therefore concluded that the decedent's "death on the day the dividend 'accrued' requires us to consider the dividend as if it had been paid or distributed on that date. If it had been actually paid on that date, it would belong to decedent and would be a principal asset." While I can readily understand that certain factual situations may require a court to disregard fractions of a day, I do not believe that such legal maxim must be applied in all instances regardless of the proven facts and despite the consequences it would have on property rights. "The general rule that the law knows no fractions of a day is a mere legal fiction, and like all other legal fictions, is allowed to operate only in cases where it will promote right and justice. Hence, there are many decisions which hold that fractions of a day will be taken into account in the computation of time when, from the nature of the case, justice demands that it be done." (74 Am Jur 2d, Time, § 13.) In a situation such as this, where there is a conflict of rights relating to property, and where both parties derive their rights through the same instrument—and hence, such rights arose simultaneously—the undisputed facts as to the testator's actual time of death should not be ignored. (See, generally, 74 Am Jur 2d, Time, § 14.) Giving effect to the actual time of death herein, it must be concluded that the dividends should be paid to the estate of Woolworth Donahue. The general rule in New York is that in the absence of a contrary intention, a testamentary trust is created immediately upon the testator's death *(Matter of Bird,* 241 NY 184, 187–188; *Matter of Maeder,* 69 Misc 2d 163, 168; 5 Page, Wills, § 40.2, p 102). And, it is also the rule that the income beneficiary of a trust is entitled to income immediately upon the death of the testator *(Matter of Bird, supra; Matter of Maeder, supra;* 96 C.J.S., Wills, § 1133, pp 908–909.) Therefore, since pursuant to the resolution of the board of directors the dividend did not accrue until a time which was subsequent to the death of the decedent, the dividend did not become part of the trust principal, but was income earned upon the trust assets and payable to the income beneficiary. Nor do the authorities relied upon by the Surrogate require a different conclusion. In *Ely v Ely* (163 App Div 320), the testator died at 1:00 A.M. on July 1. At the time of his death he owned certain property upon which rents were due in advance on July 1. While the court found that the rent payments constituted principal of the estate and relied upon the general rule that the law does not consider fractions of the day, since the rent actually became due at 12:01 A.M. on the date of testator's death, the rent had in fact accrued prior to death. EPTL 11-2.1 (subd [e], par [11]) also referred to by the Surrogate is not decisive of the

issue. That section provides that "Where the shares of stock of a corporation * * * constitute part of an estate, trust or other fund, and the allocation of any other distribution thereof to principal or income * * * depends on the date of accrual thereof, the date of accrual * * * shall be the date specified by the corporation * * * declaring such distribution as that on which the shareholders of record entitled to such distribution are to be determined". However, it does not appear that the phrase "date of accrual" was intended to refer solely to the day upon which the dividend accrued and to necessarily exclude any consideration of the specific time of accrual. Indeed, the cases have used the words "day" and "time" interchangeably (see *Cooke v Meeker,* 36 NY 15; *Matter of Bashford,* 178 Misc 951). And· in any event, since the directors of the corporation fixed a specific *time* for accrual of the dividend, that must be given effect. Finally, the Surrogate also noted that the rule governing tax treatment of the subject dividends would require the fiduciaries of the estate to treat the dividend as principal. However, matters relating to tax consequences present considerations and issues far different from those involved herein. And, the fact that for tax purposes the dividends must be treated as principal, should not affect the property rights vis-a-vis the parties involved in this litigation. Indeed, it is not uncommon for property to be treated in one manner with regard to liability for estate taxes and in another with respect to the issue of ownership, i.e., Totten trusts, jointly held property. Accordingly, I would modify the decree to the extent of directing that the dividends be paid to the estate of Woolworth Donahue. [78 Misc 2d 923.]